

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

-----

## No. 08-25-00277-CV

-----

## In re Pikes Peak Energy Services, LLC

-----

### AN ORIGINAL PROCEEDING IN MANDAMUS

-----

## MEMORANDUM OPINION

Relator, Pikes Peak Energy Services, LLC (Pikes Peak), has filed a petition for writ of mandamus asking this Court to vacate the order signed by the Honorable Pete Gomez, Judge Presiding, 112th Judicial District Court of Pecos County, on October 21, 2024, wherein he granted the Real Party in Interest's motion for sanctions for spoliation of evidence.[1] We conditionally grant in part and deny in part.

-----

[1] This original proceeding arises from the case styled, *Jaclyn Rodriguez, Individually, on behalf of the Estate of Jesus Perez Jr., and as Next Friend of McKinley Jade Perez, a minor v. Pikes Peak Energy Services, LLC*, trial court cause

# I. BACKGROUND

On March 11, 2018, Jesus Perez, Jr. was operating a company pickup truck owned by Pikes Peak when he sustained fatal injuries in a single-vehicle collision. On March 21, 2018, Real-Party-in-Interest Jaclyn Rodriguez, individually, on behalf of Perez's estate, and as next friend of his minor child, hired an attorney who sent Pikes Peak a certified letter formally requesting that it preserve all component parts of the pickup truck involved in the collision. Pikes Peak forwarded the letter to its insurer, who had then taken title to the truck after the collision. On May 16, 2018, Rodriguez's first attorney notified Pikes Peak that he no longer represented Rodriguez. On June 20, 2018, Rodriguez's newly retained counsel sent a second preservation letter requesting the truck be preserved in its entirety so it could be inspected. On July 2, 2018, Pikes Peak's insurer sold the truck, and it was soon destroyed.

Rodriguez filed a wrongful death and survival action against Pikes Peak alleging that Pikes Peak knew the airbags and seatbelts in the truck were broken. Among other claims, Rodriguez alleged that Pikes Peak had negligently maintained the vehicle in question, failed to repair and inspect it after receiving knowledge of its defects, and it failed to provide Perez with a properly working company vehicle. Pikes Peak generally denied liability and asserted various defenses including the affirmative defense of comparative negligence.

Rodriguez moved for sanctions for spoliation of evidence, which the trial court granted following a hearing. The trial court's written order awarded the following remedies and forms of relief:

1. The Court will award [Rodriguez] attorney fees, expenses and the costs of seeking discovery to this evidence. The amounts will be determined later.

---

number 19-06-07979-CV, pending in the 112th District Court of Crockett County, Texas. Respondent is the Honorable Pedro (Pete) Gomez, Jr. *See* Tex. R. App. P. 52.2.

2.  The Court establishes the following facts against [Pikes Peak]:

    a.  [Pikes Peak] breached its duty to preserve the subject vehicle and its components[;]
    b.  The seatbelts had been defective for a period of time as the [Event Date Recorder] would've confirmed[;]
    c.  The airbags had been defective for a period of time as the EDR would've confirmed[.]

3.  The Court will instruct the jury substantially as follows:

    You are instructed that, when a party has possession of a piece of evidence at a time he knows or should have known it will be evidence in a controversy, and thereafter he disposes of it, makes it unavailable, or fails to produce it, there is a presumption in law that the piece of evidence, had it been produced, would have been unfavorable to the party who did not produce it. There is a presumption that evidence contained in the subject truck, and its component parts, including the seatbelts, airbags, and downloadable data if produced, would be unfavorable to Pikes Peak.

4.  The Court limits or excludes the following evidence:

    a.  Any testimony related to the speed of the subject vehicle immediately prior to the March 11, 2018, incident[;]

    b.  [Pikes Peak] is prohibited from opposing the claims of defective seatbelts and airbags and knowledge thereof[;]

    c.  [Pikes Peak] is prohibited from cross examination of [Rodriguez's] expert regarding seatbelt and airbags.

Pikes Peak next sought mandamus relief. It asks this Court to vacate the trial court's order, contending it imposed "excessive sanctions" for spoliation of evidence. Along with its petition, Pikes Peak filed a motion for stay pending disposition of this proceeding. *See* Tex. R. App. P. 52.10. We granted the motion for stay and ordered that the trial court's order and any trial setting in the underlying case be stayed pending further order of this Court. *See id.* We also requested a response to the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(b). Rodriguez filed a response in opposition contending the trial court had tailored remedies that appropriately addressed Pikes Peak's wrongful actions.

## II. Mandamus Standard

Mandamus is an extraordinary remedy available only when the trial court clearly abuses its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts without reference to guiding rules and principles such that its ruling is arbitrary or unreasonable. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

## III. Spoliation Sanctions

Pikes Peak contends the trial court abused its discretion by finding it had spoliated evidence because it had no duty to preserve the truck and, if it did, it did not breach the duty because there was no intent to conceal the evidence. Pikes Peak further asserts that the trial court's awarded sanctions operated as death-penalty sanctions, which were excessive and improper. Because certain of the imposed sanctions effectively adjudicated claims, Pikes Peak contends it has no adequate remedy by appeal.

### A. Adequate remedy by appeal

"A sanctions order is subject to review on appeal from the final judgment, Tex. R. Civ. P. 215.3, but, under certain circumstances, is subject to review before final judgment by writ of mandamus." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018). "An appeal is inadequate when parties are in danger of permanently losing substantial rights," such as "when the parties ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record." *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding) (per curiam). "Sanctions that thwart effective appellate review by precluding a decision on the merits" and "sanctions that have the effect of adjudicating all or a substantial part of a dispute and for which appeal is realistically an inadequate remedy" are reviewable by mandamus. *In re Garza*,

544 S.W.3d at 840. Stated otherwise, when death penalty sanctions have the effect of adjudicating a dispute, there is no adequate remedy by appeal. *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991) (orig. proceeding).

Here, the challenged order includes four individually listed sanctions: (1) it awarded attorney's fees to Rodriguez; (2) it ordered that an adverse-inference jury instruction be given to the jury; (3) it made affirmative fact findings that the airbags and seatbelts of the subject vehicle were defective and inoperable; and (4) it limited and excluded evidence that related to the speed of the vehicle immediately prior to the collision, prohibited Pikes Peak from opposing Rodriguez's claims that the seatbelts and airbags were defective, and prohibited Pikes Peak from cross examining Rodriguez's expert regarding the state of condition of the seatbelts and airbags.

Although Pikes Peak challenged the entire sanctions order, it presents no issue on the trial court's award of attorney's fees. Even so, the award of monetary sanctions is not reviewable on mandamus. *In re Dynamic Health, Inc.*, 32 S.W.3d 876, 882 (Tex. App.—Texarkana 2000, no pet.) ("Because Relators have an adequate remedy by appeal, we deny mandamus relief as a means of review of the monetary sanctions levied by the trial court."). As for the spoliation instruction, Pikes Peak has an adequate remedy by appeal to address any abuse of discretion in giving the instruction to the jury. *See In re Medtronic, Inc.*, No. 10-14-00077-CV, 2014 WL 2159555, at *5 (Tex. App.—Waco May 22, 2014, no pet.) (mem. op.) (holding spoliation instruction was reviewable on appeal); *In re Tyson Foods, Inc.*, No. 12-17-00156-CV, 2017 WL 3225051, at *1 (Tex. App.—Tyler July 31, 2017, orig. proceeding) (mem. op.) (stating that a "jury instruction on spoliation does not constitute a death penalty sanction because it only creates a rebuttable presumption" and concluding that mandamus relief was not appropriate to review the order granting the spoliation

instruction). For these reasons, we conclude mandamus relief is not available to the extent of the challenged order's sanctions for attorney's fees and the jury instruction at issue.

Turning to the trial court's two other sanction awards, we conclude the affirmative fact findings and exclusion of evidence qualify as a type of sanction that constitutes a death-penalty sanction that has the effect of adjudicating a dispute. *See TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991) (orig. proceeding) (providing that sanctions which adjudicated a dispute, struck pleadings, dismissed an action, or rendered a default judgment lacked adequate remedy by appeal); *In re First Transit Inc.*, 499 S.W.3d 584, 591 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (providing that death penalty sanctions were those that had the effect of adjudicating a claim or precluding a decision on the merits of the case); *In re Ramsey*, No. 10-16-00003-CV, 2016 WL 3564407, at *3 (Tex. App.—Waco June 29, 2016, no pet.) (mem. op.) (finding a sanction that the defendant was "not be allowed to support his affirmative claims made in his counter-petition or from introducing any evidence in support of those claims" was a death-penalty sanction and constituted an abuse of discretion because there was nothing in the record to show the trial court attempted or even considered lesser sanctions). For this reason, those sanction are more prone to mandamus review. *See In re On Track Experience, LLC*, No. 03-21-00304-CV, 2021 WL 4876949, at *3 (Tex. App.—Austin Oct. 20, 2021, orig. proceeding) (mem. op.) (holding relator lacked adequate remedy by appeal when sanction prevented relator from asserting a case-determinative affirmative defense); *In re Xterra Constr., LLC*, 582 S.W.3d 652, 666 (Tex. App.—Waco 2019, orig. proceeding) (holding that "imposed sanctions that adjudicated any dispute regarding causation in this case" lacked an adequate remedy by appeal). Thus, based on the nature of the penalty imposed, mandamus relief may be appropriate for the remaining two sanctions imposed. *See In re Newkirk Logistics, Inc.*, 718 S.W.3d 240, 250 (Tex. 2025) (orig. proceeding)

("Mandamus relief is appropriate where 'a trial court imposes sanctions which have the effect of adjudicating a dispute,' such as 'striking pleadings.'"). We proceed to determine in this instance whether the trial court clearly abused its discretion in awarding affirmative fact findings and in excluding evidence as forms of relief.

## B. Clear abuse of discretion

The Texas Supreme Court has adopted a framework for governing the imposition of remedies for evidence spoliation. *See Brookshire Brothers, Ltd. v. Aldridge*, 438 S.W.3d 9 (Tex. 2014). The question of whether a party spoliated evidence and whether a particular remedy is appropriate are both questions of law. *Id.* at 20. For the trial court to find that spoliation occurred, it must first make an affirmative determination that: (1) the party who failed to produce evidence had a duty to preserve the evidence, and (2) the nonproducing party must have breached its duty to reasonably preserve material and relevant evidence. *Id.*

### (1) Duty to preserve evidence

First, looking at whether Pikes Peak had a duty to preserve evidence, "[s]uch a duty arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." *Id.* Rodriguez asserts that Pikes Peak's duty to preserve evidence arose for multiple reasons, including the severity of the collision, the fact that the vehicle's seatbelts and airbags were not functioning before the collision at issue, and the receipt of actual notice through counsels' preservation letters. Pikes Peak maintains it had no duty to preserve the truck at issue because, although Perez died in the accident, no evidence established it knew or should have known there was a substantial chance a legal claim would be filed. Pikes Peak alleges that Perez was off duty at the time of the collision and he knew the seatbelts and airbags were not functioning. For these

7

reasons, Pikes Peak argues there was no reason for it to believe it would be sued for a claim. We disagree.

"A subjective belief that it is not liable does not relieve a party of its duty to preserve evidence; rather, we apply an objective standard in making the determination whether a party should have reasonably anticipated litigation." *See In re J.H. Walker, Inc.*, No. 05-14-01497-CV, 2016 WL 819592, at *4 (Tex. App.—Dallas Jan. 15, 2016, no pet.) (mem. op.) (citing *Brookshire Bros.*, 438 S.W.3d at 20 (applying a "reasonable person" standard to duty determination)). The record shows that Rodriguez notified Pikes Peak only days after the collision that she was represented by counsel "in regard[] to the death of [Perez]" and the motor vehicle accident that occurred on March 10, 2018. She formally requested that Pikes Peak preserve the truck for inspection.

Because of the severity of the crash and because Pikes Peak was notified by Rodriguez's attorney to preserve the truck, we conclude an objective party in Pikes Peak's position would know or "reasonably should know that there is a substantial chance that a claim [would] be filed and that evidence in its possession or control [would] be material and relevant to that claim." *Brookshire Bros.*, 438 S.W.3d at 20.

### (2) Breach of duty

Next, we determine whether there is record evidence supporting the trial court's finding that Pikes Peak intentionally destroyed the vehicle. Intentional spoliation means "the party acted with the subjective purpose of concealing or destroying discoverable evidence." *Brookshire Bros.*, 438 S.W.3d at 24. Intentional spoliation includes "'willful blindness,' which encompasses the scenario in which a party does not directly destroy evidence known to be relevant and discoverable, but nonetheless 'allows for its destruction.'" *Id.*

8

Rodriguez asserts intentional spoliation is established in this case due to Pikes Peak's knowledge of the preservation letters and the formal requests included for the vehicle to be preserved in its entirety for inspection, photographing, and downloading of electronic data, if any. Additionally, the record shows Pikes Peak emailed its insurer, days before receiving the first preservation letter, informing it that: "Pikes Peak does not want the pickup for salvage. Please pick it up." Then, once it received the first preservation letter, it merely forwarded the letter to its insurer stating: "We received the following letter today. It is requesting the vehicle be preserved. I have attached the letter for your review." Other than forwarding the letter, however, the record shows Pikes Peak made no other effort to follow up and ensure proper preservation of the truck. Pikes Peak simply explained its failure by claiming that it "viewed this accident as a property damage claim" and "believed this meant there was not going to be a lawsuit, as it was a single vehicle accident seemingly with no one else at fault."

We conclude that the record evidence supports the trial court's conclusion that Pikes Peak acted with the subjective purpose of concealing or destroying discoverable evidence or that it acted with willful blindness to that effect. *Id.*; *see also In re Sw. Pub. Serv. Co.*, No. 13-19-00111-CV, 2020 WL 1887762, at \*17 (Tex. App.—Corpus Christi–Edinburg Apr. 16, 2020, orig. proceeding) (mem. op.) (holding there was a breach of duty to preserve when relator failed to preserve the missing data and could not be justified on the basis that the evidence was destroyed in the ordinary course of business).

### (3) Appropriateness of sanctions

Upon finding that spoliation occurred, the trial court must exercise its discretion in imposing a remedy. *Petroleum Sols., Inc. v. Head*, 454 S.W.3d 482, 488 (Tex. 2014). It may impose an appropriate remedy under Texas Rule of Civil Procedure 215.2. *See* Tex. R. Civ. P. 215.2. While

9

the trial court's discretion to remedy an act of spoliation is broad, it is not limitless. *Petroleum Sols*., 454 S.W.3d at 489. We review a trial court's imposition of sanctions under an abuse of discretion standard. *Id.* (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004).

Sanctions must not be more severe than necessary to satisfy its legitimate purpose and must be "just." *Petroleum Sols*., 454 S.W.3d at 489. A direct relationship must exist between the offensive conduct, the offender, and the sanction imposed. *Id.* To meet this requirement, the remedy crafted by the trial court must be proportionate when weighing the culpability of the spoliating party and the prejudice to the nonspoliating party. *Brookshire Bros*., 438 S.W.3d at 21. Further, a sanction must not be excessive, which means it should be no more severe than necessary to satisfy its legitimate purpose. *TransAmerican*, 811 S.W.2d at 917. "The punishment should fit the crime" and that the sanction "should be no more severe than necessary to satisfy its legitimate purposes." *Id.* This requires a trial court to consider the availability of lesser sanctions, and "in all but the most exceptional cases, actually test the lesser sanction." *Id.*; *see also Cire*, 134 S.W.3d at 841. The goal is to restore the parties to a rough approximation of their positions if all evidence were available. *Brooksire Bros*., 438 S.W.3d at 18.

Here, the trial court ordered four types of remedies in response to Pikes Peak's spoliation of evidence. As previously mentioned, the award of attorney's fees and the spoliation instruction are not reviewable on mandamus, and we do not review the appropriateness of either of them. Therefore, our appropriateness-of-sanctions review only concerns the imposition of affirmative fact findings and the exclusion of evidence sanctions.

Here, while it was reasonable for the trial court to conclude that the truck's destruction prevented Rodriguez from establishing the existence of defects in the condition of certain safety features of the vehicle at the time of the collision, the failure to preserve the vehicle did not prevent

10

Rodriguez from establishing remaining elements of her negligence claim. In effect, however, the reach of the sanction order prohibited Pikes Peak from challenging certain aspects of causation and pursuing its affirmative defense of comparative negligence. For this reason, we conclude there is no direct relationship between its offensive conduct and the sanction imposed. *In re J.H. Walker, Inc.*, No. 05-14-01497-CV, 2016 WL 819592, at *10 (Tex. App.—Dallas Jan. 15, 2016, no pet.) (mem. op.) (concluding there was "no direct relationship between the offensive conduct (destroying the tractor) and the sanction imposed (striking Walker Trucking's pleadings and entering a default judgment as to gross negligence liability")). Additionally, it is not apparent from the record that the trial court concluded that lesser sanctions would be inadequate under the circumstances. In fact, the trial court did order lesser sanctions in the form of monetary sanctions and a spoliation instruction. There is no indication that those sanctions were inadequate punishment for the conduct at issue. *Cire*, 134 S.W.3d at 841.

## IV. CONCLUSION

Having examined and fully considered the petition for writ of mandamus, the response, and the reply, the Court is of the opinion that Rodriguez has shown entitlement to mandamus relief, in part. Accordingly, we conditionally grant the petition for writ of mandamus and we direct the trial court to vacate the portions of its October 21, 2025 spoliation order granting death-penalty sanctions in the form of (1) affirmative fact findings against Pikes Peak (Item number 2), and (2) the limitation or exclusion of Pike Peak's evidence (Item number 4). Otherwise, we deny relief sought with regard to the award of attorney's fees (Item number 1), and the ordering of a spoliation jury instruction (Item number 3). Our writ will issue only if the trial court fails to comply. We lift the stay previously imposed in this case.

GINA M. PALAFOX, Justice

May 19, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.